T.C. Memo. 2017-230

UNITED STATES TAX COURT

JAMES LLOYD PHILLIPS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14567-16.                          Filed November 20, 2017.

James Lloyd Phillips, pro se.

<u>Skyler K. Bradbury</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Pursuant to Rule 121[1] respondent, in a motion filed

August 30, 2017, moved for summary judgment, and petitioner, in a response filed

October 19, 2017, asked the Court to deny respondent's motion.

_____

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of
Practice and Procedure and section references are to the Internal Revenue Code.

[*2]                                    Background

This case emanated from a notice of deficiency respondent issued for petitioner's 2014 taxable year, in response to which petitioner timely filed a petition with this Court. Respondent's sole determination was that petitioner's failure to pay the alternative minimum tax (AMT) resulted in a $2,058 tax deficiency. Respondent did not question any other item on the 2014 return, and it was in all other respects accepted as filed.

Petitioner reported $87,899 of salary and claimed the following itemized deductions on a Schedule A, Itemized Deductions: a $35,652 medical and dental expense and $24,015 in unreimbursed employee expenses, no part of which respondent disallowed. Respondent simply contends that petitioner is liable for the AMT as a matter of law. Petitioner contended in his petition that respondent "[d]id not allow itemized deductions and business travel expenses associated with the income being taxed. Now, living off Social Security and small Federal Retirement so cannot pay so need some relief." In his October 19, 2017, response to the motion for summary judgment, petitioner did not make any further argument as to why he does not owe the AMT. The main thrust of petitioner's arguments is that respondent is unreasonable, petitioner wants his day in court, and he cannot afford to pay the tax.

**[\*3]**                                                 <u>Discussion</u>

Summary judgment may be granted when there is no genuine dispute of material fact and a decision may be rendered as a matter of law.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  The opposing party cannot rest upon mere allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine dispute for trial."  Rule 121(d).  The moving party bears the burden of proving that there is no genuine dispute of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Respondent, in his motion, lays out the statutory framework for the AMT in sections 55 and 56.  Specifically, respondent explains that in computing the AMT as relevant to this case, section 56(b)(1)(A) and (B) provides that no deductions are allowed for any miscellaneous itemized deductions, except for medical expenses,[2] and under section 56(b)(1)(E) no deduction is permitted for personal exemptions in the calculation of the AMT.  Following the rules of those sections,

_____

[2]Specifically, sec. 67(b)(5) excludes medical deductions from the prescribed reduction of itemized deductions in arriving at the alternative minimum taxable income.

**[*4]** petitioner's alternative taxable income is $47,047 (petitioner's income less the itemized deductions that are not allowable in the computation). This results in a larger taxable base and $2,058 in additional tax--the AMT.

Petitioner argues that respondent has miscalculated the amount, but he does not provide any guidance as to how the miscalculation occurred other than his contention that respondent disallowed some of his itemized deductions. Petitioner's argument must fail as a matter of law, and we so hold. Although petitioner seeks his day in court, it would be of no avail because his position is incorrect as a matter of law. Because we have found no dispute as to the material facts in this case, a trial would not provide a different result. Accordingly, respondent's motion for summary judgment will be granted.

To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.